IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 10- 91-001-SLR |
| | ) | Crim. No. 10-91-002-SLR |
| TROY DORSEY and | ) | |
| MONNIE DORSEY, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER

At Wilmington this 11th day of January, 2012, having reviewed defendant Troy

Dorsey's motion for continuance of reporting date and for bond pending appeal (D.I.

100) and defendant Monnie Dorsey's motion for bond pending appeal (D.I. 101);

IT IS ORDERED that said motions are denied, for the reasons that follow:

1.  Defendants were indicted in September 2010.  The court held a hearing on

February 8, 2011 to explore the potential conflicts of interest related to both defendants

being represented by the same counsel.  Both defendants averred that they waived any

such conflicts and were prepared to go to trial with joint representation.  Trial was

conducted on February 28 through March 3, 2011; both defendants were found guilty

on all charges asserted against them.  Defendants were sentenced on December 15,

2011 to terms of incarceration.  They filed their notices of appeal on December 21,

2011. Troy Dorsey is scheduled to report to the United States Marshal Service on

January 12, 2012; Monnie Dorsey is schedule to report to the United States Marshal

Service on January 26, 2012. Defendants filed their notices of appeal on December 21, 2011. They filed the pending motions on January 10, 2012.

2. Section 3143(b) of Title 18 of the United States Code mandates that convicted persons who are facing terms of incarceration be detained pending appeal unless they can demonstrate: (1) by clear and convincing evidence, that the person is not likely to flee or pose a danger to any other person or to the community; and (b) by a preponderance of the evidence, that the appeal is not for the purpose of delay and that the appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, or a sentence that does not include a term of imprisonment.

3. The first factor relates to the character of the defendants, and whether detention is warranted because they pose either a risk of flight or a danger to others. Although defendants were not cooperative during their terms of pretrial supervision, they did not flee or pose a danger to the safety of any other person or to the community. Therefore, this factor has been met.

4. The second factor relates to the merits of defendants' appeals, and whether a substantial question of law or fact has been raised therein that is likely to affect either defendants' convictions or sentences. In this regard, defendants raise many of the same arguments. First, defendants assert that the government's presentation of the bank deposit method of proof to support the tax counts was confusing and inconsistent. More specifically, defendants argue that the government failed to give credit for business expenses, that the bank deposit method failed to take into account life savings, and that there was an insufficiency of evidence to support the government's theory.

2

5. The court notes that defendants concede that the bank deposit method of proof is a traditional method of proof approved by the courts. The court notes as well that defendants raised these same arguments during the extensive sentencing hearing. (D.I. 102) At the conclusion of the sentencing hearing, the court found that, "for purposes of conviction, only the income figures . . . were necessary. And if you just look at the income, even accepting the defendants' argument, the income figure is correct, because line 24 accounts for the transfers. So income was only accounted for once." (*Id.* at 44) Given the lengthy trial, the extensive evidence presented by the government, and the court's conclusion above, the court finds that there was sufficient evidence to convict based on the bank deposit method of proof. The fact that the government did not credit defendants' theory that the more than $700,000 at issue was their "life savings" is not on account of the method of proof; it is because the government (and the jury) did not believe defendants in this regard. Finally, the court at sentencing did accept defendants' business expense figures[1] and based their sentences on those adjusted figures. (*Id.* at 45) Because the business expense figures (as opposed to the income figures) were not essential to the counts of conviction, and because the court used defendants' adjusted business expense figures for purposes of sentencing, defendants' appeals do not present substantial questions of law or fact in connection with the "bank deposits method of proof."

6. Defendants also argue that they received ineffective assistance of counsel at

---

[1]As noted by the government, defendants did not keep business records, so there was no reliable evidence of expenses, just defendants' unsupported assertion that some of their personal credit card expenses reflected business expenses.

trial. "Claims of ineffective assistance of counsel ordinarily are not cognizable on direct appeal," *United States v. Givan*, 320 F.3d 452, 464 (3d Cir. 2003); therefore, such claims cannot raise substantial questions of law or fact for purposes of a § 3143(b) analysis. Moreover, even if the court were to accept defendants' factual representations as true, the record does not establish what, if any, prejudice defendants suffered by reason of the conduct. More specifically, the record at bar indicates sufficient evidence to convict (i.e., any Rule 29 motion would have been denied) and defendants' assertions at trial and at sentencing of their actual innocence (i.e., plea negotiations would have been futile). The record, therefore, is inadequate for review on direct appeal.

7. Finally, defendant Troy Dorsey argues that the government relied on inconsistent theories to prove the structuring count. Defendant contends in this regard that, because the government argued to the jury that the money deposited came from the Day School, the government was bound to defendant's theory of the case - that the amounts deposited were less than $10,000 because that is how defendant received the money from the parents, not because defendant intentionally manipulated the deposit amounts to avoid detection. The government was under no obligation to accept defendant's theory, and the origin of the money does not dictate how an individual

4

chooses to deposit it. Defendant's argument does not raise a substantial question of law or fact.

United States District Judge